UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARY KRISTINA STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-0023-JD-MGG |
| | ) |
| ANDREW M. SAUL., Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court previously remanded this social security appeal for further proceedings on plaintiff Mary Kristina Stone's claim for benefits. [DE 17]. The Court also granted a motion for attorneys' fees under the Equal Access to Justice Act, in the amount of $6,160.09. [DE 23]. On remand, the Commissioner issued a fully favorable decision on Ms. Stone's claim. As a result, the Commissioner awarded Ms. Stone past-due benefits beginning in November 2013 through July 2020, which came to a total of $55,290. Ms. Stone's attorney now seeks an award of attorneys' fees under 42 U.S.C. § 406(b) in the amount of $7,822.50,[1] or one quarter of the past-due benefits, subject to refunding the EAJA fees to Ms. Stone. [DE 24]. The Commissioner does not object to the motion. [DE 26].

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they

---

[1] Plaintiff's agency attorney has been authorized fees of $6,000.00 for representation at the post-litigation hearing, paid to his agency attorney, not the attorney bringing this motion, under 42 U.S.C. § 406(a), reducing the available funds to $7,822.50 from the claimant's past due benefits under § 406(b).

must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds that the fee requested is reasonable under that standard. Ms. Stone's counsel spent 28.1 hours of attorney time and 7.5 hours of non-attorney time in representing Ms. Stone in federal court. That amount of time was quite reasonable in light of the thousand-page record. They also produced a detailed and well-researched brief, and filed a thorough statement of Ms. Stone's medical history. As a result, the Court remanded this case to the Commissioner for further proceedings, and Ms. Stone received a fully favorable decision on remand. Ms. Stone thus received past-due benefits, which is an excellent outcome for Ms. Stone. Counsel also sought and received an award under the EAJA, which will be refunded back to Ms. Stone upon payment of the fees under § 406(b), thus defraying a portion of those fees.

Counsel did not unreasonably delay this action so as to allow the past-due benefits to accrue, either. The total amount requested is also reasonable in relation to the amount of time

spent on this case. The total requested would amount to about $216 per hour of attorney time and $100 of non-attorney time. That is within the range of rates that courts have approved in this context and is reasonable in light of the contingency nature of this work.

For those reasons, the Court GRANTS the motion for attorneys' fees under § 406(b) in the amount of $7,822.50 and ORDERS the Commissioner to pay that amount out of the award of past-due benefits. [DE 24]. Upon receipt of that amount, counsel shall refund the EAJA award to Ms. Stone.

SO ORDERED.

ENTERED:  September 21, 2020

／s/ JON E. DEGUILIO
Chief Judge
United States District Court